Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Nancy Abbott Ballard, Appellee.

Argued December 5, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*R. James Reynolds, Jr.,* with him *Fred Speaker,* and *Pepper, Hamilton & Sheetz,* for appellee.

OPINION BY JUDGE MENCER, February 5, 1975:

The Secretary of Transportation notified Nancy Abbott Ballard that five points had been assigned to her record because of a violation of Section 1002(a) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §1002(a), and, since this brought her total point accumulation to eleven points for the first time, that her operator's license was suspended for sixty days as mandated by Section 619.1, subsections (i) and (k), 75 P.S. §619.1(i) and (k).

The Commonwealth has appealed from an order of the Court of Common Pleas of Delaware County sustaining the appeal of Ballard from the Secretary's suspension. At the hearing the Court admitted into evidence Commonwealth Exhibit 1, but refused to admit Commonwealth Exhibits 2 and 3. All three exhibits, which were reports by issuing authorities of their disposition of summary offenses under the Code charged to Ballard, were essential to the Commonwealth's showing of an accumulation of eleven points or more in order to make out a prima facie case for suspension.

Exhibit C-1 is a report of conviction of a Philadelphia traffic violation. Counsel for Ballard objected to its admission because the Commonwealth first offered a photocopy of the original report certified to the Secretary by the Philadelphia Traffic Court judge. The record indicates that it was the Commonwealth's intention to offer the photocopy with the appropriate certification of the Secretary in accordance with Section 1224 of the Code, 75 P.S. §1224. This would have been proper. *Bureau of Traffic Safety v. Finotti*, 9 Pa. Commonwealth Ct. 538, 308 A. 2d 198 (1973). Because the lower court was skeptical of this procedure, however, the Commonwealth produced the original report which had been sent to the Secretary and offered it into evidence (similarly, the originals of the other two reports were offered subsequently).

In a Memorandum Opinion filed because of this appeal, the lower court justified its sustaining of the appeal by discussing Exhibit C-1 only, although it discussed the exhibit as if it had refused its admission at the hearing. It reasoned that "[w]hile the Secretary of the Commonwealth's [*sic* Transportation's] records may be offered through qualified witnesses or by proper certification of the documents . . . there is no such provision as to proof of the conviction before the magistrate. The magistrate's record, Exhibit C-1, was a photocopy which

did not indicate a conviction and was not signed by the magistrate. The failure to prove the magistrate's record through legally competent evidence necessitated sustaining the appeal."

Although the lower court did in fact admit Exhibit C-1, and Ballard has not appealed that admission, we nonetheless will discuss all three exhibits because of the court's Opinion.

Ignoring for the moment that the original report was offered, it would seem that the Court refused the photocopy of the original report because the issuing authority's signature and seal were merely photocopied and not original, despite the fact that the Secretary had certified the photocopy. As already noted, this was error since Section 1224 had been complied with, and also the Traffic Court judge's signature and seal are not required in such an instance. *Fabrizi v. Bureau of Traffic Safety,* 10 Pa. Commonwealth Ct. 83, 308 A. 2d 167 (1973); *Commonwealth v. Grindlinger,* 7 Pa. Commonwealth Ct. 347, 352, 300 A. 2d 95, 97 (1973).

The lower court's opinion is curious because the original report was offered and did contain the signature of the Philaedlphia Traffic Court judge who issued the report. The court does not support its reasoning by any reference to the fact that that signature was made with a rubber stamp (although the Traffic Court's seal has been manually applied). Ballard now seizes upon the rubber stamping as support for the lower court's conclusion and also alleges as further reason for affirmance that "the information requested by the form was either not submitted at all or it was not submitted on the appropriate line provided for it by the form", citing *Commonwealth v. Hepler,* 2 Pa. Commonwealth Ct. 516, 279 A. 2d 93 (1971).

The validity of signatures made with a rubber stamp which makes a facsimile of one's own signature has been recognized in Pennsylvania since the late nineteenth

century. *See Robb v. Pennsylvania Company*, 186 Pa. 456, 40 A. 969 (1898). As recently as the *Finotti* case, *supra*, we discussed rubber stamping of the Secretary's signature in connection with Section 1224 of The Vehicle Code. We noted the Superior Court's decision in *Tomilio v. Pisco*, 123 Pa. Superior Ct. 423, 187 A. 86 (1936), which recognized "that a person can adopt as his signature anything which he cares to identify as such, so long as there is an intent that it be his signature." 9 Pa. Commonwealth Ct. at 541, 308 A. 2d at 199. *See also Knox Estate*, 131 Pa. 220 (1890), and *National Union Bank v. Shearer*, 225 Pa. 470, 475 (1909). We conclude that the rubber-stamped signature of the Traffic Court judge was proper in the absence of any showing that he did not intend it to be his signature and reiterate what we observed in *Finotti*, that the manual application of the Court seal quite clearly indicates individual attention which is certainly of equal dignity to a manual signature.

Ballard's second point is prompted by the haphazard manner in which notations of the disposition of the case were scribbled on the form. "Pleaded Guilty Pd in Advance" and "Deft Paid [unintelligible] Without Waiting for Summons. No Hearing" is handwritten without regard to the form's printed words and spaces under the heading "Court Action And Other Orders." The fine is noted in two proper spaces followed by the rubber-stamped signatures of the judge in the correct spaces. The Traffic Court's seal is imprinted over the signatures.

Ballard points to our language in *Hepler* that "once the magistrate undertook to use the form, he should have done so properly." 2 Pa. Commonwealth Ct. at 522, 279 A. 2d at 96. In *Hepler*, the magistrate did not sign his name (even with a rubber stamp) on the line provided, nor did he affix his seal in the proper place. We do not believe that the manner in which the information was given in Exhibit C-1 constitutes such error so as to invalidate the report as in *Hepler*. We conclude, then,

that Exhibit C-1 was correctly admitted into evidence.

The lower court did not address itself to Exhibits C-2 and C-3, although to be consistent with the record and its disposition of the case it should have, but Ballard now justfies their exclusion because neither was properly certified to the Secretary in accordance with Pennsylvania Rule of Criminal Procedure No. 69 which states: "The report of disposition of summary offenses required of issuing authorities by The Vehicle Code shall consist of a copy of the written instrument by which the prosecution was commenced or carried on, which copy shall set forth *the certification of the issuing authority* as to adjudication, sentence imposed, if any, and final disposition. Said report shall be made as required by law." (Emphasis added.)

Both exhibits are original copies of Commonwealth MC JPCr 01 forms, revised 7-70. Exhibit C-2 has the faint impression of a magisterial seal, a rubber-stamped "Paid" with the magistrate's name over the signature line, and the magistrate's name, address, and magisterial district number rubber stamped below the signature line. On the signature line itself, the magistrate has scribbled either his initials or what may be his full signature. Exhibit C-3 has a readable impression of a magisterial seal indicating magisterial district No. 1-11, the corresponding number "1-11" handwritten on the magisterial district number line, and a large, looping signature either of the magistrate's initials or his normal full signature.

Ballard argues that these signature marks "are merely illegible scrawls or loops which cannot be identified as letters of the alphabet" and therefore they are not even initials. She recognizes what we recently stated in *Epps v. Commonwealth,* 11 Pa. Commonwealth Ct. 544, 550, 314 A. 2d 884, 887 (1974): "Although we would agree that it would have been desirable if the magistrate had signed his full name, we do conclude, with the court below, that this certification was one in

which the identity of the magistrate and the authenticity of the certification were ascertainable from the exhibit."

The same is true here, as to both reports. Although the seal is not entirely legible in C-2, it is evident that it was affixed. The two other identifying stamps and the magistrate's signature add sufficient authenticity. As to C-3, the seal is legible as is the written district number, and it is evident that the magistrate, however idiosyncratically, signed the report. As the Supreme Court stated in *Knox's Estate, supra,* at 231: "Custom controls the rule of names, and so it does the rule of signatures. . . . So the form which a man customarily uses to identify and bind himself in writing is his signature, whatever shape he may choose to give it. There is no requirement that it shall be legible, though legibility is one of the prime objects of writing. It is sufficient if it be such as he usually signs. . . . Nor is there any fixed requirement how much of the full name shall be written. Custom varies with time and place, and habit with the whim of the individual. . . . What, therefore, shall constitute a sufficient signature must depend largely on the custom of the time and place, the habit of the individual, and the circumstances of each particular case."

We therefore conclude that Exhibits C-2 and C-3 should have been admitted into evidence.

Had the lower court correctly admitted the Commonwealth's first three exhibits, the Commonwealth would have sustained its burden under Section 619.1(i) of showing an accumulation of eleven points or more, and a prima facie case for suspension would have been presented. However, counsel for Ballard, relying on the court's rejection of the second and third exhibits, refrained from making "certain other arguments." Accordingly, we feel that this case should be remanded so that Ballard, if she wishes, may have an opportunity to conduct a defense within the narrow limits established by the Superior Court in *Virnelson Motor Vehicle Opera-*

*tor License Case,* 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968). We therefore issue the following

ORDER

AND, NOW, this 5th day of February, 1975, the order of the Court of Common Pleas of Delaware County is reversed and the case is remanded for a rehearing consistent with this opinion.