409 A.2d 73

**COMMONWEALTH of Pennsylvania**

v.

**Thomas B. GOODMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Aug. 24, 1979.

---

William A. Gross, Doylestown, for appellant.

No brief submitted on behalf of Commonwealth, appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order denying appellant's petition under the Post Conviction Hearing Act.[1]

On May 27, 1970, appellant pleaded guilty to a charge that he had engaged in a prison breach in 1964. He was sentenced to a term of five to ten years. On March 31, 1978, appellant filed a *pro se* PCHA petition alleging that the

---

1. Act of Jan. 25, 1966, P.L. 1580, §§ 1–14, 19 P.S. §§ 1180–1—1180–14 (Supp.1978–79).

lower court was without jurisdiction because he had not been tried in "twelve terms of court" and that his counsel had been ineffective.[2] On April 4, 1978, the lower court, without appointing counsel, dismissed the petition as "patently frivolous, without trace of support on the record." Appellant argues that the lower court erred in dismissing the petition without appointing counsel.[3]

In dismissing appellant's petition without appointing counsel, the lower court relied on the language of section 12 of the Post Conviction Hearing Act that "appointment of counsel shall not be required if the petitioner's claim is patently frivolous and without trace of support in the record." 19 P.S. § 1180–12. This was error, for the operation of section 12 has been suspended by Pa.R.Crim.P., Rule 1503. In *Commonwealth v. Blair,* 470 Pa. 598, 369 A.2d 1153 (1977), the Supreme Court stated:

> The Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq. (Supp.1976–77) requires the appointment of counsel for indigent petitioners except where the claim is patently frivolous and without trace of support in the record. *See* 19 P.S. § 1180–12 (Supp.1976–77). Restated, under the Act, the right of the trial court to summarily dismiss an uncounselled petition is contingent upon the substantive claim raised therein. However, this section of the Post Conviction Hearing Act has been superseded by Pennsylvania Rule of Criminal Procedure 1503 (Adopted January 24, 1968. Effective August 1, 1968).

> Under the terms of Rule 1503(a) the Court is mandated to provided counsel, upon request, in Post Conviction proceedings once petitioner satisfies the Court of his financial inability to obtain counsel. The only exception to this mandatory requirement is set forth in Rule 1504 which provides:

**2.** The ineffectiveness claim appears to be that appellant's guilty plea counsel was incompetent for not filing a motion to dismiss for lack of jurisdiction and for not protecting appellant's right to a speedy trial.

**3.** The Commonwealth has not filed a brief in this case.

"Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon."

*Id.*, 470 Pa. at 599–60, 369 A.2d at 1154 (footnote omitted). *See Commonwealth v. High*, 260 Pa.Super. 120, 393 A.2d 1041 (1978); *Commonwealth v. King*, 253 Pa.Super. 224, 384 A.2d 1314 (1978); *Commonwealth v. Bostic*, 251 Pa.Super. 224, 380 A.2d 459 (1977).

Here there has been no previous counseled petition raising the same issues as are raised by the present petition. Accordingly, the order of the lower court must be reversed and the case remanded with instructions to the lower court to determine whether appellant is indigent, and if he is, to appoint counsel[4] to assist him with his PCHA petition.

Reversed and remanded.

---

**4.** Appellant's present appellate counsel appears to be a logical choice to act as PCHA counsel.