455 A.2d 185

COMMONWEALTH of Pennsylvania

v.

Charles TURNER, Appellant.

Superior Court of Pennsylvania.

Submitted June 17, 1982.

Filed Jan. 21, 1983.

David Samuel DeRose, New Kensington, for appellant.

John J. Driscoll, District Attorney, Greensburg, for Commonwealth, appellee.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

PER CURIAM:

On January 19, 1976, appellant Charles Turner pleaded guilty to charges of robbery and conspiracy and was sentenced to two to five years imprisonment. He appealed to this court which vacated the judgment of sentence and permitted appellant to petition to withdraw his plea. Through new counsel, appellant filed such a petition but it was subsequently withdrawn and the sentence reinstated. On October 2, 1981, appellant filed a pro se petition under the Post Conviction Hearing Act, 19 P.S. § 1180–1, et seq., alleging, for the first time, that his guilty plea counsel was ineffective for failing to challenge the validity of the information filed against him in that it bore only a rubber-

stamped facsimile of the District Attorney's signature.[1]  A third attorney was appointed to represent appellant.  After a hearing on the merits of the P.C.H.A. petition, the Honorable Joseph A. Hudock denied appellant's request for relief and dismissed the P.C.H.A. petition.  Appellant then filed the instant appeal.  We affirm the order of the lower court denying post-conviction relief and dismissing appellant's P.C.H.A. petition.

In *Commonwealth v. Emanuel*, 285 Pa.Super. 594, 428 A.2d 204 (1981), a panel of this court held that a rubber-stamped facsimile signature did not satisfy the requirements of Pa.R.Crim.P. 225(b).  More recently, however, this court, sitting *en banc*, held that use of such a facsimile does not render the information void *ab initio* but merely voidable and curable by amendment if properly raised in a pre-trial motion.  *Commonwealth v. Veneri*, 306 Pa.Superior 396, 452 A.2d 784 (1982).[2]  *Veneri's* failure to raise the issue pre-trial, therefore, constituted a waiver.

In the instant appeal, this issue is framed in terms of counsel's effectiveness; that is, was appellant's guilty plea counsel ineffective in failing to file a pre-trial motion raising the signature defect?  We assess counsel's competence in light of the alternatives available at the time of trial.  "The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation...."  *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).  Five years passed between the time of appellant's guilty plea and the *Emanuel* decision.  To assess counsel's competence in 1976 in light of an appellate decision announced in 1981 would be to "impose upon trial

1.  Pa.R.Crim.P. 225(b) requires an information to be "signed" by the attorney for the Commonwealth.

2.  It should be noted that the Veneri decision specifically found that failure to comply with the signature requirement of Pa.R.Crim.P. 225(b) was not so significant a breach as to justify the extreme remedy of discharge.  In the instant case, the lower court noted that raising this issue pretrial may well have been futile since "the net effect of a successful quashing of the information for lack of a signature, would be that the District Attorney would refile the information with the proper signature...."  (Lower Court Op. pp. 2–3)

counsel the qualities of a seer...." *Commonwealth v. Triplett,* 476 Pa. 83, 89, 381 A.2d 877, 881 (1977). We will not hold counsel ineffective for failing to foresee changes in the law. *See, Commonwealth v. Triplett, id.; Commonwealth v. Norris,* 305 Pa.Super. 206, 451 A.2d 494 (1982).

Since no other allegations of ineffectiveness were raised in appellant's P.C.H.A. petition, we affirm the order of the lower court denying P.C.H.A. relief and dismissing appellant's petition.