462 A.2d 847

**COMMONWEALTH of Pennsylvania**

v.

**Larry D. JENKINS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 27, 1983.

Filed July 8, 1983.

Murrel R. Walters, III, Mechanicsburg, for appellant.

John Michael Eakin, Assistant District Attorney, Carlisle, for Com., appellee.

Before ROWLEY, WIEAND and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an Order of the Court of Common Pleas of Cumberland Court (per Judge Sheely) denying appellant's, Larry D. Jenkin's, Post-Conviction Hearing Act

(PCHA) Petition. 19 P.S. § 1180–1 *et seq., as amended;* *reenacted as* 42 Pa.C.S.A. §§ 9541–9551. We affirm.

The *sole* contention raised by the appellant on appeal concerns "[w]hether the Bill of Information dated November 16, 1977, filed against [him], and signed by Assistant District Attorney J. Michael Eakin, was void ab initio because it was not signed by the District Attorney?" (Appellant's Brief at 3)

The facts reveal the following: By a complaint dated October 14, 1977, appellant was charged with the attempted murder of Sergeant John Durham, a guard at the State Correctional Institution in Lower Allen Township, Cumberland County, Pennsylvania. Appellant was accused of taking an electrical cord with a slip knot on one end and putting it around the neck of Sergeant Durham and attempting to cause his death in "J" Ward of the State Correctional Institution at Camp Hill. Counsel, C. Roy Weidner, Jr., of the law firm of Myers, Myers, Flower and Johnson, was appointed by the court to represent the appellant. After a preliminary hearing, a prima facie case was found and an Information was filed on November 16, 1977, and *signed* by Assistant District Attorney J. Michael Eakin.

The only pre-trial matters filed by appellant's counsel consisted of an "Application For Continuance" so that appellant could receive psychiatric evaluation to determine his competency to stand trial. The Application was granted and appellant was found competent. Following a trial by jury, in which appellant was adjudged guilty as charged, post-trial motions were filed and denied by a court en banc. An appeal from the judgment of sentence was affirmed by this Court in *Commonwealth v. Jenkins,* 271 Pa.Super. 614, 419 A.2d 198 (1979), and a petition for allowance of appeal was denied by the Pennsylvania Supreme Court on October 22, 1979 [No. 4499 Allocatur Docket, Eastern District]. During all stages of the litigation, Attorney Weidner remained appellant's counsel.

On September 3, 1980, appellant filed a *pro se* PCHA petition requesting the appointment of counsel and alleging:

> The Bill of information which was lodged against [him] was invalid in ... [that] the District Attorney for the Commonwealth signature was not present on said bill of information (813), in place of the District Attorney's signature was the Assistant District Attorney's signature which made the information invalid and petitioner shouldn't have been tried, convicted and sentence [sic]. (PCHA Petition at 3)

In an Opinion authored by Judge Sheely, appellant's request for relief, as well as the assistance of counsel, was denied. However, by Order dated March 13, 1981, Judge Sheely altered his initial position and appointed Attorney Murrell R. Walters, III, to aid the appellant in filing an amended PCHA petition. *See Commonwealth v. Goodman,* 269 Pa.Super. 80, 409 A.2d 73 (1979). This turn of events prompted the Commonwealth to petition this Court to remand the appeal appellant had taken from the denial of his PCHA petition, given Judge Sheely's March 13, 1981 Order. The Commonwealth's petition was granted and an amended PCHA petition was submitted by Attorney Walters alleging, under the rubric of ineffectiveness of prior counsel, that, *inter alia,*

> 1) Counsel failed to object to the fact that the bill of information charging Petitioner[-appellant] with Criminal Attempt (Homicide) was defective in that it was not signed by the District Attorney.... (Appellant's "Supplement To Post Conviction Hearing Petition," Record No. 33)

A PCHA hearing was held on October 29, 1981 in which it was undisputed that the Information lodged against the appellant was signed by the Assistant District Attorney, J. Michael Eakin, rather than the District Attorney of Cumberland County, Edgar Bayley. Additionally, the Commonwealth produced, in the form of its Exhibit # 1, a true copy of a document filed with the Clerk of Courts of Cumberland County on January 13, 1977. It reads in pertinent part:

> Pursuant to Act 142, July 9, 1976 (The Judicial Code), Section 8931 et. [sic] seq., I, Edgar B. Bayley, District

Attorney of Cumberland County, Pennsylvania, hereby grant to the following named Assistant District Attorneys authority to act for me under Section 8931, et. [sic] seq. as provided for in sub-section (i):

George E. Hoffer, 1st Assistant District Attorney

Kevin A. Hess, Deputy District Attorney

J. Michael Eakin, Assistant District Attorney

/s/Edgar B. Bayley

Edgar B. Bayley

Sworn to and subscribed before

me this _____13th_____ day of January, 1977.

/s/Audrey G. Adams

Notary Public

By Opinion and Order of court dated March 4, 1982, appellant's PCHA petition was denied. This appeal followed and appellant, still represented by Attorney Walters, narrowed his ground for relief to the invalidity of the Information signed by an assistant district attorney of Cumberland County *vis-a-vis* the district attorney.

 Before addressing the issue at hand, we find it appropriate to note that, procedurally, the question at bar has not been "finally litigated" since the *merits* of the claim have not been ruled upon by either this Court or the Pennsylvania Supreme Court. *See Commonwealth v. Hobson*, 286 Pa.Super. 271, 428 A.2d 987 (1981). Also, it needs to be said that despite the fact that the issue was not raised previously (at post-trial or on appeal) does not render it "waived," since appellant was represented at that time by trial counsel. "[A]s has often been recognized and specifically noted, it is unrealistic to expect trial counsel to argue his own ineffectiveness, whether it be in post-trial motions or on appeal." (Footnote omitted) (Citations omitted) *Commonwealth v. Cooke*, 288 Pa.Super. 205, 208, 431 A.2d 360, 362 (1981). Therefore, the PCHA level being the first occasion on which appellant was represented by counsel other than the one whose stewardship is being questioned, we cannot fault him for failing to raise the issue sooner—

e.g., on the prior appeals to this Court and the Pennsylvania Supreme Court. *See Commonwealth v. Cooke, supra.*

Appellant's rationale in support of his argument that the Information signed by an assistant district attorney (designated by the district attorney to act in his stead) renders it void *ab initio*, is premised upon the fact that, *at the time* the Information was signed (on November 16, 1977), "the applicable law concerning the signing of such [Information] was 17 P.S. § 274. (Act 238, October 10, 1974)."—*repealed* by the Judiciary Act Repealer Act of 1978, Act 1978, April 28, P.L. 202, No. 53, § 2(a)[1469], effective June 27, 1978; *substantially reenacted at* 42 Pa.C.S.A. § 8931(e) (1982). Section 274 provided:

> Disposition of Cases—The district attorney or the special attorney appointed by the attorney general in the manner provided by law shall sign all informations. The information shall be filed in such form as the rules of criminal procedure provide.

Additionally, appellant points out that Pa.R.Crim.P. 225(b), which likewise was in effect when the Information was prepared instantly, reads, "The information shall be signed by the attorney for the Commonwealth . . . ."

Appellant concedes that 42 Pa.C.S.A. § 8931(e) & (i) authorizes an assistant district attorney who has been "designated" by the district attorney, where such "designation" is in writing and filed with the clerk of courts of the appropriate county, to "sign all informations." However, he urges that because "[t]he effective date of 42 Pa.C.S.A. § 8931 was June 27, 1978[, u]ntil that date the prior law, 17 P.S. § 274 remained in effect. . . . Consequently, there was no authorization by statute, rule or case law to permit an assistant district attorney to sign a Bill of Information on November 16, 1977." (Appellant's Brief at 7)

Appellant cites *Commonwealth v. Belcher*, 258 Pa.Super. 153, 392 A.2d 730 (1978) and *Commonwealth v. Emanuel*, 285 Pa.Super. 594, 428 A.2d 204 (1981) in support of his position that the "signature" of an assistant district attorney does not satisfy the requirements of 17 P.S. § 274 and

Pa.R.Crim.P. 225(b). In *Belcher*, the Court was confronted with an Information that bore no signature whatsoever. Neither initials nor a stamped facsimile was applied; the signature line was completely blank. The Court held that the Information was void *ab initio* since an unsigned Information gives no indication that anyone evaluated the propriety of instituting the criminal proceedings. *Belcher* also held that a signed Information was mandatory and not merely directory. The persuasiveness of the *Belcher* decision has been rendered ineffectual by this Court's recent holding in *Commonwealth v. Veneri*, 306 Pa.Super. 396, 452 A.2d 784 (1982) to the extent that an unsigned Information is voidable, not void, and the issue is considered waived if not raised in a pre-trial motion.

As for the *Emanuel* case, the *Veneri* Court agreed with that decision "to the extent that a mere rubber stamp facsimile of the district attorney's signature does not satisfy the requirements of Pa.R.Crim.P. 225(b)." *Commonwealth v. March*, 308 Pa.Super. 343, 346, 454 A.2d 567, 569 (1982).

■ In the case at bar, unlike in *Belcher* and *Emanuel*, we do have a "signature," albeit it is that of an assistant district attorney as compared to that of the district attorney. As such, we find that the concerns first voiced by this Court in *Belcher*, and later reaffirmed by our Supreme Court in *Commonwealth v. Contakos*, 492 Pa. 465, 424 A.2d 1284 (1981), have been placated, i.e., *"the signature of the district attorney (or his designee) on an information is required to guarantee the information's authenticity and to ensure that a reasoned evaluation of the advisability of instituting a criminal action has been made by a responsible person."* *Commonwealth v. Levenson*, 282 Pa.Super. 406, 410, 422 A.2d 1355, 1358 (1980). We find that these purposes were satisfied here when Assistant District Attorney J. Michael Eakin signed his name to the Information, *id.*,[1] notwithstanding the fact that a "literal"

1. We note with interest that in *Commonwealth v. Levenson, supra,* the Information complained of was the product of a series of events

compliance with 17 P.S. § 274 and Pa.R.Crim.P. 225(b) was not accomplished. To hold otherwise, would place form over substance. This we will not do.[2] *Cf. Commonwealth v. Turner,* 309 Pa.Super. 330, 332–33, 455 A.2d 185, 186 (1983) ("To assess counsel's competency in 1976[, regarding his failure to challenge the validity of an Information which bore only a rubber-stamped facsimile of the district attorney's signature,] in light of an appellate decision announced in 1981[—*Commonwealth v. Emanuel, supra*—]would be to 'impose upon trial counsel the qualities of a seer ....' *Commonwealth v. Triplett,* 476 Pa. 83, 89, 381 A.2d 877, 881 (1977). We will not hold counsel ineffective for failing to foresee changes in the law. [Citations omitted]."); *Commonwealth v. Warren,* 307 Pa.Super. 221, 453 A.2d 5 (1982) (semble); *Commonwealth v. Morris,* 267 Pa.Super. 379, 382 n. 4, 406 A.2d 1091, 1093 n. 4 (1979) ("Appellant ... argues that the [November, 1977] informations were defective because they were signed by an assistant district attorney, instead of by the district attorney himself .... [T]h[is] argument [is] patently frivolous and do[es] not warrant discussion.").

Since we find that the sole issue raised by the appellant is without merit, and not warranting the relief requested, we affirm the Order of the PCHA court denying appellant's petition.

occurring on *November 16, 1976,* yet the Court (per Judge Spaeth) still made specific mention of 42 Pa.C.S.A. § 8931(e) & (i) as impacting upon a determination that the Information was valid.

**2.** It needs to be mentioned that *Commonwealth v. Veneri, supra,* specifically found that failure to comply with the signature requirement of Pa.R.Crim.P. 225(b) was not so significant a breach as to justify the extreme remedy of discharge. *Commonwealth v. Turner,* 309 Pa.Super. 330, 455 A.2d 185 (1983).