464 A.2d 478

**COMMONWEALTH of Pennsylvania**

v.

**John Vito RADOGNA, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1982.

Filed Aug. 12, 1983.

Petition for Allowance of Appeal Denied Jan. 16, 1984.

588

Nicholas Noel, III, Bethlehem, for appellant.

Anthony S. Blasco, Assistant District Attorney, Easton, submitted a brief on behalf of Commonwealth, appellee.

Before BROSKY, McEWEN and WATKINS, JJ.

McEWEN, Judge:

Appeal No. 2402–81 is taken from the judgment of sentence imposed upon convictions arising from the escape of appellant from custody on September 14, 1979. Appeal No. 2403–81 has been taken from the judgment of sentence imposed upon convictions arising from the discovery of a four inch stainless steel knife in the rectum of appellant after he had been apprehended in Oregon and returned to custody in Pennsylvania. The two appeals have been consolidated for purposes of our consideration.

Appellant on September 14, 1979, while in the custody of deputies of the sheriff of Northampton County, produced what appeared to be a weapon, disarmed the deputies, seized their wallets, took possession of the deputies' vehicle and escaped. As a result, he was charged with the crimes

of escape, recklessly endangering another person, robbery, kidnapping and unauthorized use of an automobile.

Appellant was apprehended in the State of Oregon some four months later and subsequently transported from Oregon to Pennsylvania. At the conclusion of that journey, based upon information from a source located in Oregon, appellant was submitted to an x-ray examination which revealed the four inch knife in his rectum. As a result, he was charged with possessing prohibited offensive weapon, possessing an instrument of crime, possessing an implement for escape and criminal attempt to commit escape.

Appellant was determined by a jury to be guilty of all of the charges arising out of the escape and sentenced to a term of imprisonment of from ten years to twenty years. He underwent a trial without jury upon the charges arising out of the concealed knife and was acquitted of the charge of possessing a prohibited offensive weapon, but was determined to be guilty of the charges of possessing an instrument of a crime, possessing an implement for escape and criminal attempt to commit escape, for which he was sentenced to a total term of four and one half years to twelve years to be served after the sentence imposed upon the charges arising out of the escape.

Appellant in each appeal asserts the trial court erred in refusing the motion of appellant for change of venue. Our examination of the record persuades us that the hearing judge in the Statement of Reasons that accompany the order of August 21, 1980, has quite satisfactorily addressed the issues and properly rejected a change of venue.

Appellant further asserts in each appeal that the evidence was insufficient to sustain the charges upon which the verdict was entered. The Supreme Court stated in *Commonwealth v. Young*, 494 Pa. 224, 228, 431 A.2d 230, 232 (1981):

The well-established test for reviewing the sufficiency of the evidence is:

'[w]hether, accepting as true all the evidence and all [the] reasonable inferences therefrom upon which if believed

the [finder of fact] could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes for which he has been convicted.' *Commonwealth v. Bayard*, 453 Pa. 506, 509, 309 A.2d 579, 581 (1973); *Commonwealth v. Paquette*, 451 Pa. 250, 301 A.2d 837 (1973). In this regard it must be noted that the finder of fact has the right to reject part or all of the [witness'] testimony even if uncontradicted. *Commonwealth v. Chermansky*, 430 Pa. 170 at 174, 242 A.2d 237 at 240. *Commonwealth v. Taylor*, 461 Pa. 557, 560, 337 A.2d 545, 546 (1975), quoting *Commonwealth v. Coleman*, 455 Pa. 508, 510, 318 A.2d 716, 717 (1974).

Our review of the record pursuant to this standard compels the conclusion that there is no merit to any claim that the evidence concerning any specific charge was insufficient.

A further assertion presented by appellant in both appeals arises from the rubber stamp facsimile of the district attorney and the lack of a signature or mark by the district attorney or an authorized deputy upon the bills of information. It is upon that basis that appellant argues he should be discharged or, in the alternative, that his trial counsel was ineffective by reason of the failure of counsel to request the dismissal of the charges prior to trial. Pennsylvania Rule of Criminal Procedure 225(b) provides, in pertinent part, that an information "shall be signed by the attorney for the Commonwealth." This court, in the opinion of our distinguished colleague, Judge James R. Cavanaugh, in *Commonwealth v. Veneri*, 306 Pa.Super. 396, 404, 452 A.2d 784, 788 (1982) has held:

> [T]he signature requirement of Pa.R.Crim.P. 225(b) is directory only and that its absence renders an information merely voidable and curable by amendment if properly raised in a pre-trial motion to quash. Pa.R.Crim.P. 306.

Since appellant failed to raise the issue of the validity of the unsigned information in pre-trial motions, we conclude that he has waived this issue and is not entitled to discharge. Nor is there merit to the further assertion of appellant that trial counsel was ineffective by reason of his failure to

request dismissal of the charges prior to trial since "[w]e will not hold counsel ineffective for failing to foresee changes in the law." *Commonwealth v. Turner,* 309 Pa. Super. 330, 333, 455 A.2d 185, 186 (1983) (*citing Commonwealth v. Triplett,* 476 Pa. 83, 381 A.2d 877 (1977)). The trial of appellant upon the charges which comprised this appeal was held in 1980, prior to the 1982 *Veneri* decision, *supra,* and prior to our holding in *Commonwealth v. Emanuel,* 285 Pa.Super. 594, 428 A.2d 204 (1981), that the use of the rubber stamp facsimile of the signature of the district attorney does not meet the requirement of Rule 225(b).

The remaining contention in connection with the appeal from the convictions arising out of the escape from Pennsylvania is the assertion of appellant that the trial court erred by reason of a failure to dismiss the charges under Rule 1100 of the Pennsylvania Rules of Criminal Procedure which requires that trial "commence no later than one hundred and eighty (180) days from the date on which the complaint is filed." The criminal complaint was filed on September 19, 1979. The matter was not tried, however, for more than a year, specifically, September 25, 1980, a date one hundred ninety-one (191) days subsequent to the one hundred eighty (180) day run date of March 17, 1980. Rule 1100(d)[1] excludes from the computation of the one hundred eighty (180) day period "such period of delay at any stage of the proceedings as results from ... the unavailability of the defendant". A study of the record reveals the following periods of delay occurred as a result of "the unavailability of the defendant":

The defendant fled the jurisdiction on September 14, 1979, and was a fugitive until January 30, 1980, when the

---

1. The applicable portion of Pa.R.Crim.P., Rule 1100, 42 Pa.C.S.A., during the time pertinent hereto, read:

 (d) In determining the period for commencement of trial there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

 (1) the unavailability of defendant....

 The changes effective January 1, 1982, have no relevance to the issues here considered.

Pennsylvania authorities were informed that appellant was in custody in Oregon.

While Pennsylvania became aware on January 30, 1980, that appellant was in custody in Oregon, Pennsylvania was unable to secure custody of appellant until May 1, 1980, as a result of the refusal of appellant to waive extradition.

It is clearly established that the time during which an accused is a fugitive is excludable provided that the authorities were diligent in their search. *Commonwealth v. Polsky*, 493 Pa. 402, 426 A.2d 610 (1981); *Commonwealth v. Lyles*, 315 Pa.Super. 194, 461 A.2d 1237 (1983). Counsel for appellant during the pre-trial proceedings stipulated that the police had been duly diligent in their search for appellant after his escape and, therefore, appellant concedes his unavailability for this period of one hundred thirty-three (133) days. The law is also clear that the period during which an accused contests extradition is excludable provided the Commonwealth is diligent in its effort to obtain custody of the accused. The Commonwealth here proceeded promptly to initiate extradition proceedings and on May 1, 1980, after an extradition hearing, appellant was delivered into the custody of Pennsylvania authorities. As a result, there was a further delay and excludable period of ninety-two (92) days. *Commonwealth v. McKenna*, 498 Pa. 416, 446 A.2d 1274 (1982); *Commonwealth v. Roman*, 494 Pa. 440, 431 A.2d 936 (1981); *Commonwealth v. Polsky*, *supra*. It thus appears the period of time between September 19, 1979, and May 1, 1980, a period of two hundred and twenty-five (225) days, must be excluded from the calculation and the hearing judge properly determined that there had been compliance with the one hundred eighty (180) day trial mandate of Rule 1100.

Appellant further asserts that it was error to refuse to suppress the evidence concerning the x-ray examination of appellant and the consequent removal of the knife from his rectum. The opinion of the court en banc has quite fairly and properly addressed this issue and we share their

conclusion that the trial court properly refused to suppress the evidence since the search was not unreasonable and a violation of the constitutional rights of appellant.

And, finally, appellant argues "that the sentences imposed by the lower court in both 2402–81 and 2403–81 are unnecessarily harsh and unduly severe". While the appellate court has been traditionally reluctant to intrude upon the sentencing discretion of the trial court since the trial court is in a far better position to weigh all the facts involved in the determination of the proper sentence, that discretion has more recently been circumscribed by not only judicial decisions but also by the Sentencing Code (42 Pa.C. S.A. § 9701 *et seq.*) and by the Rules of Criminal Procedure. This court in *Commonwealth v. Franklin*, 301 Pa.Super. 17, 446 A.2d 1313 (1982), delineated all of the precepts with which the sentencing court must comply if the sentence imposed is to remain undisturbed. Our examination of the record leads us to conclude that the sentencing judge in each case met those standards and, accordingly, we reject this assertion of appellant.

 While we reject the contention of appellant that the sentences imposed were unnecessarily harsh and unduly severe, we, nonetheless, remand Appeal No. 2403–81 for resentencing. The Crimes Code, specifically, § 906, provides that "[a] person may not be convicted of more than one [inchoate crime] for conduct designed to commit or culminate in the commission of the same crime." The trial judge, nonetheless, sentenced appellant for the two inchoate crimes of possessing instruments of crime [2] and criminal attempt to commit escape [3] and imposed a term of imprisonment of from two and one half to five years for the former and a consecutive term of imprisonment of from two to seven years for the latter. It will not suffice for us to vacate the lesser sentence since a review of the careful and thorough statement provided by the learned judge at the sentencing hearing indicates the judge very likely contem-

2. 18 Pa.C.S.A. § 907.

3. 18 Pa.C.S.A. § 901.

plated a longer term of imprisonment than the term of from two to seven years for the crime of criminal attempt to commit escape and, as a result of our declaration that separate sentences may not be imposed for the crimes, the sentencing judge should be permitted to reconsider the sentence to be imposed for the criminal activity of which appellant was found guilty. As this court stated in *Commonwealth v. Lezinsky*, 264 Pa.Super. 476, 480, 400 A.2d 184, 186 (1979) (citations omitted):

> [W]here we cannot determine whether the declared invalidity of a conviction on one count may have affected the lower court's sentencing on the remaining counts, we must remand to give the lower court an opportunity to reconsider sentencing.

*See Commonwealth v. Maguire*, 307 Pa.Super. 80, 452 A.2d 1047 (1982); *Commonwealth v. Jackson*, 280 Pa.Super. 522, 421 A.2d 845 (1980).

Judgment of sentence at No. 2179 of 1979, Appeal No. 2402 Philadelphia, 1981 is affirmed.

Judgment of sentence at No. 1434 of 1980, Appeal No. 2403 Philadelphia, 1981 is vacated and the case is remanded for resentencing in accordance with this opinion. Jurisdiction is relinquished.