Commonwealth *v.* Roach, Appellant.

Argued April 29, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ

*Abraham J. Brem Levy,* with him *Edward Reif,* for appellant.

*David R. Scott,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague, First* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, October 12, 1971:

The appellant, Thomas Roach, was convicted by a jury of murder in the first degree and punishment was fixed at life imprisonment. Following denial of motions in arrest of judgment or for a new trial, and the imposition of sentence as the jury directed, this appeal was filed. We affirm.

The assignments of error do not challenge the sufficiency of the evidence to sustain the jury's verdict, but assert that due process was violated at trial by the admission into evidence of a recorded confession Roach made while in police custody, and also by permitting the district attorney to question prospective jurors during voir dire examination as to conscientious scruples against capital punishment.

From the uncontradicted trial evidence, the jury could find that Roach, Daniel Frazier[1] and George Bradley committed an armed robbery of Max and Charley's Bar at 2358 North Fifteenth Street in Phila-

---

[1] In a separate jury trial, Frazier was also convicted of murder in the first degree and his punishment was fixed at life imprisonment. We subsequently affirmed the judgment of sentence. See *Commonwealth v. Frazier,* 443 Pa. 178, 279 A. 2d 33 (1971).

delphia, during which Roach fatally shot Charles Mosicant, the bartender and part owner of the establishment. The trial evidence included testimony of an inculpatory recorded statement Roach made to the police. It is maintained that Roach's arrest was without probable cause and his inculpatory statement that followed was involuntary. Neither assertion has the semblance of merit.

Roach was arrested by police armed with a search and body warrant issued on the basis of information previously supplied by Bradley, namely, that he, Roach and Frazier participated in the robbery. The thrust of the argument that the statement given to the police was "involuntary" is that the testimony of two police officers who stated they warned Roach of his constitutional rights before he was questioned is not credible. Assuming that the question of the credibility of these witnesses may be questioned on appeal, we have read the challenged testimony and find no meritorious reason why it was error for either the three-judge pretrial suppression court or the trial jury to accept it as true. Moreover, it was uncontradicted at trial.

The appellant's last contention is he should be granted a new trial because several prospective jurors were rejected by the district attorney due to their opposition to capital punishment.

In support of this proposition, appellant cites *Witherspoon v. Illinois,* 391 U.S. 510, 88 S. Ct. 1770 (1968). In *Witherspoon,* the United States Supreme Court held that the execution of a death sentence imposed by a jury from which prospective members were excluded for cause solely because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction (death qualification) constitutes a deprivation of life without due process of the law. Since the Court's decision was couched in terms of due process, it is clear that the thrust of the

opinion was an attempt to guarantee to an accused a fair hearing by impartial jurors. Thus, *neutrality* was the key word in the view of the Court for juror qualifications during the deliberation on the sentencing of one who was found guilty of murder in the first degree.

The apparent wide-sweeping implications of the *Witherspoon* decision were immediately limited, however, in the case of *Bumper v. North Carolina*, 391 U.S. 543, 88 S. Ct. 1788 (1968), wherein Mr. Justice STEW-ART for the majority stated: "Our decision in Witherspoon does not govern the present case, because here the jury recommended a sentence of life imprisonment." *Id.* at 545, 88 S. Ct. at 1790. See also *Commonwealth v. Ingram*, 440 Pa. 239, 270 A. 2d 190 (1970); and, *Commonwealth v. Wilson*, 431 Pa. 21, 244 A. 2d 734 (1968).

Thus, both the United States Supreme Court and this Court have expressly refused to apply the rationale of the *Witherspoon* decision to factual situations where the sentence which the jury returns is less than the death penalty, as in this case.

It appears to us that the only circumstances under which the *Witherspoon* decision will be extended is where the defendant can prove that the jury was "prosecution prone" and therefore he was denied a fair trial on the issue of *guilt*. See *Witherspoon* and *Bumper*, supra. In both of those cases, however, the Court rejected the theory that disqualifying jurors merely because of their objection to the imposition of the death penalty under any circumstances affected the neutrality and fairness of the jury on the issue of guilt. In the instant case, there is absolutely nothing on the record that the jury was anything but impartial on the issue of guilt.

Judgment affirmed.