486 A.2d 486

**COMMONWEALTH of Pennsylvania**

v.

**Thomas SCAINE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1984.

Filed Dec. 31, 1984.

Petition for Allowance of Appeal Denied June 7, 1985.

74

Richard S. Levine, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before POPOVICH, HOFFMAN and LIPEZ, JJ.

LIPEZ, Judge:

This is a direct appeal from the judgment of sentence imposed on Thomas Scaine, appellant, upon his conviction of robbery in a non-jury trial, and following the denial of his post-trial motions for a new trial or arrest of judgment. Of the four issues presented in this appeal, two (i.e. impermissibly suggestive identification at preliminary hearing and failure to provide a lineup) were clearly not raised by the appellant in his post-verdict motions, and, consequently, are not properly preserved for our review. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). Remaining are appellant's assertions that: (1) the photographic array utilized by the police in order to identify him was unduly suggestive thereby violating his constitutional guarantees of due process; and, (2) the trial court erred in allowing the Commonwealth to present testimony concerning a photographic identification when evidence, concerning the manner in which appellant's photograph was obtained, was

requested by but not disclosed to defense counsel in accordance with Pa.R.Crim.Proc. 305.

■ Whether appellant's assertion of error regarding the admission of the photographic identification was also waived for failure to conform to the mandates of *Blair* and its progeny is uncertain because of appellant's poor articulation of his post-trial motions. The requirements of *Blair* aside, we are nonetheless compelled to find a waiver of that allegation under authority of the Pennsylvania Rules of Criminal Procedure on pre-trial motions and suppression of evidence, and relevant case law. Rule 323(d) unequivocally states that a pre-trial motion for suppression of evidence shall state with specificity and particularity the evidence sought to be suppressed, the grounds for the suppression and the facts and events supporting the suppression. In addition, Rule 306 requires that all pre-trial requests for relief be included in one omnibus pre-trial motion. In his pre-trial motion for suppression of evidence, appellant made no reference to the discovery issue he now raises, and any attempted reference by counsel during the suppression hearing itself was denied by the trial judge specifically on that basis.

Moreover, prior judicial decisions on the subject add support to our finding. On a previous occasion, we held that failure to raise a suppression issue prior to trial precluded its litigation for the first time at trial, in post-trial motions or on appeal. *Commonwealth v. Throckmorton*, 241 Pa. Super. 62, 66, 359 A.2d 444, 446 (1976). More recently we stated that an issue is waived if it is not raised in pre-trial motions. *Commonwealth v. Radogna*, 317 Pa.Super. 586, 590, 464 A.2d 478, 480 (1983). *See also Commonwealth v. McKennion*, 235 Pa.Super. 160, 340 A.2d 889 (1975) (allocatur refused) (Any grounds not included in application for pre-trial relief are waived.). Because appellant clearly did not adhere to the procedural requirements of either the Rules or judicial precedent, we are precluded from reviewing that claim of error.

Consequently, we are concerned in this appeal with the sole question of whether the photographic array utilized by the police was unduly suggestive. In support of his claim, appellant cites various factors surrounding the pre-trial identification which he claims deprived him of his constitutional guarantees of due process. Appellant claims that the description of the man involved in the robbery, given by the victim, Lisa Reeser, was very vague and that the photographs in the array did not comply with that description. Additionally, appellant asserts that his picture was particularly suggestive because it was taken on the day immediately following the robbery and was so dated when placed in the array. Appellant concludes that the display of photographs was so unnecessarily suggestive and conducive to irreparable mistaken identification as to result in a denial of his right to due process. We disagree.

Initially we note that in determining the admissibility of a pre-trial identification, the essential criterion is the reliability of the identification under all of the circumstances disclosed by the record. *Commonwealth v. Thompkins,* 311 Pa.Super. 357, 363, 457 A.2d 925, 928 (1983). In his opinion supporting his denial of appellant's post-trial motions, the trial judge discussed the circumstances of the victim's identification of appellant which led him to the conclusion that the identification was reliable. Ms. Reeser testified that she had between two to three minutes to observe her assailant in a well-illuminated area; she gave a physical description of both of the men allegedly incriminated in the robbery; she had ample opportunity to observe her assailant face to face, and concentrated attentively on the man she later identified as the defendant as he was the primary actor; and she testified that at the time she gave the description to the police, she was "pretty calm."

After the police had obtained a photograph of the appellant following his arrest for an unrelated offense, that photograph was included in an array consisting of five photographs of black males. Ms. Reeser selected appellant's photograph from this array as being that of one of

the perpetrators in the robbery. This identification was made approximately forty-eight hours after the crime, and the victim testified that she was "real certain" about her choice. Her selection of appellant's photograph was further supported by her in-court identification of the appellant. The sole weakness in Ms. Reeser's identification is the accuracy of her prior description of the criminal when applied to the appellant. The victim testified that her assailant was approximately five feet four inches in height, shorter than her by about two to three inches. In actuality, appellant is five feet seven inches tall, a fact elicited from the appellant on direct examination during the trial and not during the suppression hearing. Because height is not a feature which is readily apparent in a photograph, if apparent at all, this discrepancy lends no support to appellant's claim that the photographic array itself was unduly suggestive. Moreover, it was the duty of the trial judge to assess this contradiction when weighing the evidence. The scope of our review is limited to determining whether the factual findings of the court in the suppression hearing are supported by the record, and whether the conclusions of law drawn therefrom are correct. *Commonwealth v. Webb*, 491 Pa. 329, 332, 421 A.2d 161, 163 (1980).

The fact that appellant's photograph was dated and was the most recent of the five pictures in the array is insufficient to warrant a finding that the display was unduly suggestive absent any showing that Ms. Reeser relied upon the date to any extent in choosing as she did. Indeed, there is nothing in the record which even affords any inferences to that effect.

It is well-established that the factors to be considered when evaluating an identification procedure include the opportunity of the witness to view the criminal at the time of the crime; the witness' degree of attention; the accuracy of the witness' prior description of the criminal; the level of certainty demonstrated by the witness at confrontation; and the length of time between the crime and the confrontation. *Commonwealth v. Griffin*, 271 Pa.Su-

per. 228, 234, 412 A.2d 897, 900 (1979), *petition for allowance of appeal denied* (1980); *Commonwealth v. Burgess*, 319 Pa.Super. 501, 508, 466 A.2d 656, 659 (1983). Considering the totality of the circumstances in this case, we conclude that the photographic identification was reliable and not the product of police suggestion. The witness remained steadfast in her identification of the appellant both in and out of court, leading us to the conclusion that there was no substantial likelihood of irreparable misidentification.

Accordingly, the judgment of sentence is affirmed.