511 A.2d 217
**COMMONWEALTH of Pennsylvania**
v.
**Kermeth Roy WRIGHT, Appellant.**
Superior Court of Pennsylvania.
Argued March 25, 1986.
Filed June 17, 1986.

Morton J. Earley, Indiana, for appellant.

William J. Martin, District Attorney, Indiana, for Com., appellee.

Before ROWLEY, WIEAND and DEL SOLE, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from judgments of sentence imposing a sentence of five to ten years incarceration for robbery, a

concurrent sentence of four to ten years incarceration for burglary, and a suspended sentence for attempted theft. On appeal, appellant raises two issues: 1) whether the line-up and subsequent in-court identification of himself was tainted; and 2) whether Pa.R.Crim.P. 1100 was violated by bringing appellant to trial more than 180 days after the complaint was filed and appellant was arrested. We affirm.

Prior to commencement of trial, appellant was aware of the circumstances which he alleges tainted the line-up and the subsequent in-court identification of him. However, he did not raise this issue in his omnibus pre-trial motion in violation of Pa.R.Crim.P. 323(b), and therefore has waived the issue. *Commonwealth v. Scaine,* 337 Pa.Super. 72, 486 A.2d 486 (1984); *Commonwealth v. Throckmorton,* 241 Pa.Super. 62, 359 A.2d 444 (1976). See also: *Commonwealth v. Johnson,* 484 Pa. 545, 400 A.2d 583 (1979) (Three of the six justices participating in the case specifically stated that failure to raise the issue of the allegedly tainted identification in a pre-trial suppression motion, when the defendant knew of the allegedly improper identification prior to trial, waives the issue.)

Appellant's second issue is that he was not brought to trial within 180 days in violation of Pa.R.Crim.P. 1100. Appellant argues that the 63 days during which his application for participation in the A.R.D. program was pending with the District Attorney must be included in the calculation of the 180 days. Appellant agreed to exclude from the calculation of the 180 day rule the time during which the District Attorney processed and reviewed the application. The application for participation in the A.R.D. program used in this case clearly states: "I hereby waive my rights under Pa.R.Crim.P. 1100...." This limited waiver of Rule 1100, which is actually an agreement to exclude from the 180 day calculation the time during which the application is pending, is not contingent upon acceptance into the A.R.D. program and must be distinguished from the agreement signed by a defendant in open court upon being accepted into the program. The latter agreement is to exclude from the 180 day

calculation the time in which the defendant is actually enrolled in the A.R.D. program.

In *Commonwealth v. Knupp*, 340 Pa.Super. 304, 490 A.2d 1 (1985) the court held that a waiver of Rule 1100 for the period during the pendancy of an A.R.D. application cannot be excluded. However, that case involved an interpretation of Rule 1100 prior to the 1982 amendment to Rule 1100 which added section (d)(2). Section (d)(2) provides, "In determining the period for commencement of trial, there shall be excluded therefrom any period of time for which the defendant expressly waives Rule 1100." The Note to Rule 1100 also now states:

> In addition to waiving Rule 1100 for the period of enrollment in the A.R.D. program ... the attorney for the Commonwealth may request that the defendant waive Rule 1100 for the period of time spent in processing and considering the defendant's inclusion into the A.R.D. program.

Because section (d)(2) was in effect in 1984 and 1985 when appellant's application for A.R.D. was pending and when he signed the waiver of Rule 1100 for the duration of the application period, *Knupp* is not controlling.

Appellant does not argue that his limited waiver of Rule 1100 during the pendancy of his A.R.D. application was involuntary or unknowing. Rather, he argues that the Commonwealth simply took too long to act on his application, that the applications for A.R.D. must be reviewed within a reasonable period of time, and that the amended Rule 1100 implies such a requirement. Appellant cites us to no cases, and we have found none, in which a limitation has been placed on the time in which the District Attorney must either accept or reject the application for participation in the A.R.D. program. *A fortiori*, sixty-three days is not too long.

■ Applying the 180 day rule to appellant's case, we find no violation of Rule 1100. Appellant was arrested and a criminal complaint was filed against him on September 7, 1984. He was brought to trial 214 days later on April 9,

1985. Excluding the sixty-three days during which his A.R.D. application was being processed, appellant was brought to trial within 151 days, well within the 180 days required by Rule 1100.

Judgments of sentence affirmed.