## Commonwealth v. Brown

*John A. Kopas III, assistant district attorney,* for the Commonwealth.

*Jack W. Conner,* for defendant.

FRANKS, *J.,* May 13, 1991—Before the court is defendant's motion to dismiss filed under Pa.R.Crim.P. 1100. In this case the complaint was filed on January 4, 1990. An ARD application was filed on December 3, 1990. By letter dated March 6, 1991, counsel for defendant was informed that the District Attorney's Office rejected the ARD appli-

cation. The instant motion to dismiss was filed on April 2, 1991, and a hearing thereon was held on May 1, 1991.

This court refuses to dismiss the case for the reasons herein stated.

We disagree with counsel for defendant that the Commonwealth has intentionally attempted to circumvent Rule 1100. ARD was offered to defendant because he agreed to testify against a co-defendant at a time when defendant had insisted that he was not an active participant of the theft. Although the ARD application had been filed, it was still being processed by the District Attorney's Office when defendant refused to testify for the Commonwealth against the co-defendant at latter's trial in January 1991. At this point, the prosecuting police officer stated verbally to an assistant district attorney that he opposed ARD for this defendant. However, it was not until March 6, 1991, that the police officer signed the written form required by the District Attorney indicating that he opposed ARD for this defendant. It was at this point of time that the District Attorney's Office informed counsel for defendant that it would not support the ARD application.

It should also be stated that defendant as part of his ARD application executed three waivers regarding his Rule 1100 rights. He agreed to (1) waive the period of time from the submission of the ARD application until action was taken on it, (2) specifically waive his Rule 1100 rights until the court disposed of the application, and (3) waive his Rule 1100 rights while his application for ARD was pending and agreed to being tried, if necessary, within any time remaining under Rule 1100, or within 60 days, whichever would be greater.

We are satisfied that defendant plainly waived his present complaints of a Rule 1100 violation. We do not agree with defense counsel, as no evidence was presented at the hearing or in the record, that "such waivers were improperly, involuntarily and unknowingly coerced by the obviously insincere offer of ARD" extended to defendant by the Commonwealth. (Def. brief at 9.) At the hearing, the district attorney detailed his office procedure in reference to the processing ARD applications. We find that there was no abuse by him or his office of Rule 1100, considering the number of ARD applications his office processes, and the number of steps the applications undergo, including waiting for reports from the Adult Probation Department. As the Superior Court wrote in *Commonwealth v. Wright,* 354 Pa. Super. 120, 123, 511 A.2d 217, 218 (1986):

"Appellant cites us to no cases, and we have found none, in which a limitation has been placed on the time in which the district attorney must either accept or reject the application for participation in the ARD program."

Consistent herewith we enter the following

## ORDER

And now, May 13, 1991, it is ordered and directed that defendant's motion to dismiss is refused.