644 A.2d 1235

COMMONWEALTH of Pennsylvania, Appellee,

v.

Humberto LOPEZ–MELENDEZ, Appellant.

Superior Court of Pennsylvania.

Submitted May 9, 1994.

Filed July 8, 1994.

Linda F. Gerencser, Asst. Public Defender, Lancaster, for appellant.

Joseph C. Madenspacher, Dist. Atty., Lancaster, for the Com., appellee.

Before TAMILIA, POPOVICH and FORD ELLIOTT, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Lancaster County, following appellant's convictions in a bench trial on charges of driving under the influence of alcohol [1] and driving on roadways laned for traffic.[2] Herein, appellant contends that the lower court erred in denying his motion to dismiss pursuant to Pa. R.Crim.P. 1100. Finding that Rule 1100 was violated and the Commonwealth failed to exercise due diligence in bringing appellant to trial, we reverse the decision of the court below and vacate appellant's judgment of sentence.

The record reveals the following facts: The charges *sub judice* were filed against appellant on September 24, 1991, and his preliminary hearing was scheduled for October 31, 1991. At appellant's request, the preliminary hearing was continued until November 26, 1991. Following his preliminary hearing, appellant prepared documents to apply for acceptance into the Accelerated Rehabilitative Disposition Program. *See*, Pa. R.Crim.P. 176 *et seq.* Appellant's ARD application and "Motion for Trial Continuance and Waiver" were then filed with the Office of the Impaired Driver Program on or about December 18, 1991.[3] On December 19, 1991, the criminal information was filed by the Commonwealth. Appellant then waived his formal arraignment which had been scheduled for

1.  75 Pa.C.S.A. § 3731(a)(1).

2.  75 Pa.C.S.A. § 3309(1).

3.  The Office of the Impaired Driver Program is a Lancaster County "agency" charged with screening applicants for ARD eligibility.

January 29, 1992. On March 30, 1992, appellant appeared before the Office of the Impaired Driver Program for his evaluation.

Even though appellant properly completed his ARD application and "Motion for Trial Continuance and Waiver" and appellant appeared for his evaluation, none of his documents were forwarded to the District Attorney's Office by the Office of the Impaired Driver Program. Thus, his continuance and waiver of Rule 1100 motion was never signed by a member of the District Attorney's Office and was never forwarded· to the lower court for entry of an order granting the continuance. In fact, neither the ARD application nor the "Motion for Trial Continuance and Waiver" appear in the record.[4]

No further action was taken after the ARD evaluation in appellant's case until November 9, 1992, when appellant filed his motion to dismiss pursuant to Pa.R.Crim.P. 1100. Appellant alleged that he had not been brought to trial within 365 days of the filing of the written complaint. *See,* Pa.R.Crim.P. 1100(a)(3). The Commonwealth responded that the delay in prosecution was attributable to the ARD application process and the Office of the Impaired Driver Program's failure to handle appellant's application properly, and that appellant had waived his Rule 1100 rights.

Following an *in camera* discussion on January 8, 1993, the lower court entered its factual findings and conclusions of law, and it denied appellant's motion. The lower court determined that Rule 1100 had been violated in appellant's case since the run-date was October 20, 1992, and appellant still had not been brought to trial when he filed his Rule 1100 motion on

4. The Commonwealth has attached copies of the documents to its brief. We ordinarily will not consider evidence or documents that are not a part of the official record. See, Pa.R.App.P. 1921, *In re D.D.,* 409 Pa.Super. 35, 597 A.2d 648 (1991); *Commonwealth v. Osellanie,* 408 Pa.Super. 472, 597 A.2d 130 (1991). However, since all parties acknowledge the ARD application and "Motion for Trial Continuance and Waiver" were filed with the Office of the Impaired Driver Program, we will review those documents.

November 9, 1992.[5]  However, the court also determined that appellant had waived his Rule 1100 rights when he applied for ARD.  Further, the court determined that the trial delay was beyond the control of the Commonwealth.  The court placed the blame solely upon the Office of the Impaired Driver Program for its failure to forward the appropriate documents to the District Attorney's Office.  Immediately following the denial of his Rule 1100 motion, a bench trial was held, and appellant was convicted.  Post-trial motions were denied, and this timely appeal followed.

█  We will first address the lower court's conclusion that appellant waived his right to assert a violation of Rule 1100.  It is true that as a part of his application for admission into the ARD program, appellant completed a form which was captioned "Motion for Trial Continuance and Waiver" and submitted it to the Officer of the Impaired Driver Program, as required under Lancaster County's scheme for handling ARD applications from driver who have been charged with DUI.  However, the Office of the Impaired Driver Program inexplicably failed to forward this form to the District Attorney's Office.  Thus, the Commonwealth never agreed to the continuance, nor was the motion ever filed in the lower court and entered as an order granting the continuance.

Despite never having entered an order granting a continuance while appellant's ARD application was pending, the lower court nevertheless found that appellant had waived his "right to be tried within 365 days from the filing of the Criminal Complaint."  Consequently, under the lower court's reasoning, all the time from the date of appellant's application for ARD in December of 1991 until the actual date of his trial or the date which his application was rejected was excludable under Rule 1100.[6]

5.  Twenty-six days were excluded when determining the period for commencement of trial because of the continuance granted at appellant's request. *See,* Pa.R.Crim.P. 1100(c)(3)(ii).

6.  Although appellant proceeded to trial, there is no evidence in the record to suggest that appellant's application to ARD was ever com-

The lower court cites *Commonwealth v. Wright,* 354 Pa.Super. 120, 511 A.2d 217 (1986) in support of its decision. In *Wright, supra,* the defendant alleged that he was not brought to trial in a timely manner. Wright argued that the sixty-three days during which his ARD application was pending should not have been excluded when computing the Rule 1100 run-date. However, when applying for the ARD program, Wright executed a limited waiver of his Rule 1100 rights while his application was pending. Wright's application to the ARD program was denied, and he was convicted of robbery, burglary and theft. Therein, we stated:

> [Wright] does not argue that his limited waiver of Rule 1100 during the pendency of his A.R.D. application was involuntary or unknowing. Rather, he argues that the Commonwealth simply took too long to act on his application, that the applications for A.R.D. must be reviewed within a reasonable period of time, and that the amended Rule 1100 implies such a requirement. Appellant cites us to no cases, and we have found none, in which a limitation has been placed on the time in which the District Attorney must either accept of reject the application for participation in the A.R.D. program. *A fortiori,* sixty-three days is not too long.

*Wright,* 121, 511 A.2d at 218.

Today, we distinguish *Wright, supra,* from the facts of the case *sub judice.* The clear difference between the two cases is that, in *Wright, supra,* the District Attorney's office was in possession of the defendant's ARD application and his written waiver of Rule 1100 rights, while, presently, the record does not reveal whether the District Attorney's office was even aware that appellant had applied for the ARD program or agreed to waive his Rule 1100 rights. In other words, Wright received the benefit of his bargain, i.e., waiver of his rights in exchange for *consideration of his application in a timely manner.* However, from the record before us, we cannot discern whether appellant's application for ARD was ever

pletely reviewed by the Office of the Impaired Driver Program, much less rejected by the District Attorney's Office.

acted upon by the Office of the Impaired Driver Program after appellant's evaluation on March 30, 1991, and it is absolutely clear that the Commonwealth never reviewed the application.

Further, the "Motion for Trial Continuance and Waiver" form required approval by the District Attorney's Office prior to its submission to the court for entry as an order. Since the District Attorney's Office never acted upon the motion, we must question what effect, if any, it should have in this action. Clearly, appellant executed the waiver and completed the application forms with the expectation that they would be acted upon within a reasonable period of time. Unlike our decision in *Wright, supra,* when only sixty-three days elapsed during the review of the defendant's ARD application, we cannot say that the three hundred and six days during which appellant waited for a decision on his application was reasonable. In fact, from the record it appears that if appellant had not filed his Rule 1100 motion on November 9, 1992, he might still be waiting.

Under the circumstances presented herein, we conclude that three hundred and six days was "too long" for appellant to have to wait for a decision on his ARD application. Moreover, to the extent that appellant's waiver of his rights under Rule 1100 was valid, it was effective only to the extent that the Commonwealth fulfilled its end of the bargain and reviewed appellant's application in a timely manner. Since the Commonwealth did not execute its duties diligently, we find that appellant's act of signing the continuance motion was ineffective to waive his rights under Rule 1100.[7]

■ Next, we turn the lower court's determination that any delay was attributable to the Office of the Impaired Driver Program, and, thus, the Commonwealth acted with diligence in

7. We note that herein we are not placing a *per se* specific limitation on the time within which the Commonwealth must accept or reject an application for the ARD program. Rather, we are simply stating that was the particular facts presented herein, the Commonwealth's lengthy inaction was unreasonable.

bringing appellant to trial. Pa.R.Crim.P. 1100(g), in pertinent part, provides:

> For defendants on bail after the expiration of three hundred sixty-five (365) days, at any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.
>
> If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. . . .

In *Commonwealth v. Browne*, 526 Pa. 83, 88, 584 A.2d 902, 905 (1990), our Supreme Court stated:

> Under Rule 1100, the Commonwealth must act with "due diligence" to bring a criminal defendant to trial. "When a case has possible Rule 1100 problems, prosecutors must do everything within their power to see that the case is tried on time." *Commonwealth v. Smith*, 477 Pa. 424, 428, 383 A.2d 1280, 1282 (1978). See also, *Commonwealth v. Polsky*, 493 Pa. 402, 426 A.2d 610 (1981). The test to be met is whether the Commonwealth's efforts to bring the defendant to trial were reasonable and pursued with diligence. *Commonwealth v. Koonce*, 511 Pa. 452, 515 A.2d 543 (1986).

*Browne*, 526 Pa. 88, 584 A.2d at 905.[8]

As previously noted, the lower court excused the delay "because the Office of the Impaired Driver Program was not under the auspices or control of the District Attorney, [therefore,] the delay in processing the Defendant's application was not the result of the Commonwealth's failure to exercise due diligence[.]" Tr.Ct.Op., p. 5. The court also stated "we do not

8. Although *Browne, supra,* was decided under a prior version of Rule 1100, cases, like *Browne, supra,* decided under prior Rule 1100(c), remain instructive on the concept of "due diligence." *Commonwealth v. Senft*, 404 Pa.Super. 499, 504 n. 2, 591 A.2d 318, 320 n. 2 (1991).

believe that the Commonwealth should be held accountable for the Impaired Driver Program's failure to forward the Defendant's application to the District Attorney." Tr.Ct.Op., p. 5. Further, the lower court opined that appellant, who "waived" his Rule 1100 rights so that his ARD application could be considered, should not be permitted to turn the delay, which originated for his benefit, against the Commonwealth. Tr.Ct. Op., p. 5.

We are convinced that the lower court's conclusion is pure sophistry. First, the decision whether to submit a case for accelerated rehabilitative disposition is in the *sole* discretion of the District Attorney. *Commonwealth v. Agnew,* 411 Pa.Super. 63, 600 A.2d 1265 (1991); *Commonwealth v. Stranges,* 397 Pa.Super. 59, 579 A.2d 930 (1990); *Commonwealth v. Paul,* 383 Pa.Super. 486, 557 A.2d 357 (1989), *appeal denied,* 525 Pa. 633, 578 A.2d 927 (1989). Thus, it is the responsibility of the District Attorney's Office of Lancaster County to control, oversee and review the ARD application process, and the Office of the Impaired Driver Program is necessarily under the control of the District Attorney's Office. More to the point, it is the sole responsibility of the District Attorney to govern the ARD program, and application and approval process in his county. *See,* Pa.R.Crim.P. 176 *et seq.*

Second, the record reveals that the "Motion for Trial Continuance and Waiver" signed by appellant was never forwarded to the District Attorney's Office. Thus, the Commonwealth was not aware that appellant had purported to waive his Rule 1100 rights, and the Commonwealth should have proceeded to trial within three hundred and sixty-five days. Although it is true that the delay originated for appellant's benefit, i.e., possible entry into the ARD program, the Commonwealth failed to act with due diligence by either bringing appellant to trial before the run-date or, at least, questioning the Office of the Impaired Driver Program about appellant's status.

In *Browne, supra,* our Supreme Court faced an analogous situation. Therein, the defendant filed a motion to dismiss pursuant to Rule 1100 which the lower court granted. The Commonwealth argued Lancaster County's term system of

criminal court in conjunction with the system whereby the district justices notify defendants as to which arraignment they are to report made it unduly harsh to require the District Attorney's Office to monitor all cases being bound over to the Court of Common Pleas in order to unearth "problem cases" under Rule 1100 occasioned by the arraignment date assigned to the defendants by the district justices. That argument was flatly rejected as "sheer nonsense", and our high court held that "due diligence" required the District Attorney's Office to employ a simple record-keeping system to insure that its cases were docketed and checked for possible Rule 1100 problems as a matter of course. *Browne*, 526 Pa. 90, 584 A.2d at 906.

Similarly, we reject the lower court's analysis. In this case, "due diligence" would at least require the Commonwealth to track the progress of defendant's engaged in the ARD application process. Such a system would relieve ARD applicants, like appellant, from having to wait endlessly for action on his case.[9]

In sum, we find that appellant did not effectively waive his rights under Rule 1100. Further, we find that the Commonwealth did not act with due diligence in prosecuting this

9. The present case is clearly distinguishable from the case of *Commonwealth v. Monosky*, 511 Pa. 148, 511 A.2d 1346 (1986), wherein our high court ruled that when a district attorney was unaware of inadvertent delay caused by the misfiling of papers by the district magistrate's office, such delay may justify granting of an extension of time under Rule 1100. Unlike the present action and *Browne, supra*, in *Monosky, supra*, the district attorney had no knowledge whatsoever about the case; he did not even know that a criminal complaint had been filed. However, presently, the Commonwealth was well aware of the criminal proceeding against appellant as evidenced by its filing of a criminal information on December 19, 1991 and the scheduling of a preliminary hearing for January 29, 1992, which appellant waived. Similar to our Supreme Court's decision in *Browne, supra*, we believe that the Commonwealth must keep track of the status of ARD applicants, even if a so-called "independent" county agency processes the application. Such an effort would not be burdensome and would avoid the problem we face today. Moreover, if the District Attorney in Lancaster County has not signed and entered as an order of court an ARD applicant's Rule 1100 waiver, the District Attorney must assume that the case is progressing normally and must compute the Rule 1100 run-date accordingly.

manner. As we have previously stated, if not for appellant's motion to dismiss, this case still might not be before us.

Judgment of sentence vacated.