529 A.2d 1210

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Demetrius Yandrich, Appellee.

Submitted on briefs October 10, 1986, to Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Robert C. Bell,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,*

Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Robert Rade Stone,* for appellee.

OPINION BY JUDGE BLATT, August 20, 1987:

The Department of Transportation, Bureau of Driver Licensing (Department) appeals the July 1, 1985 order of the Court of Common Pleas of Beaver County (trial court) which sustained the appeal of Demetrius Yandrich from the Department's suspension of his operating privileges[1] and which reinstated Yandrich's license.

On March 28, 1985, the Department notified Yandrich that, due to a December 28, 1984 conviction for violating Section 3362 of the Vehicle Code (Code), 75 Pa. C. S. §3362 (speeding), three points had been assessed against his driving record. Because of this assessment, Yandrich's point accumulation then rose to thirteen, and the notice advised him that his operating privileges would be suspended effective May 2, 1985 for sixty-five days pursuant to Section 1539 of the Code, 75 Pa. C. S. §1539 (suspension of operating privilege on accumulation of points).[2]

Yandrich appealed to the trial court, which after a *de novo* hearing, issued the order here involved. The trial court reasoned that, inasmuch as the Department's Exhibit No. 8, a citation for a traffic violation, did not bear the handwritten signature of the district justice in-

---

[1] By court order of April 25, 1985, the suspension was stayed pending Yandrich's appeal to the trial court.

[2] Pursuant to Section 1539(b), a driver experiencing an initial suspension for exceeding the allowable point total shall be suspended for five days for each point. Hence, the 65 days here resulted from the Department's calculation of 13 points on Yandrich's record as of March 28, 1985.

volved, or a facsimile thereof, on the reverse, certification of disposition, the three points assessed against Yandrich for his September 29, 1982 conviction[3] could not be recognized for the purposes of Section 1539.

On appeal, the Department contends that the trial court erred by concluding that Exhibit No. 8 was incompetent to establish that Yandrich had been convicted as related thereon. The Department also contends that, even if the trial court correctly excluded the points related to Exhibit No. 8, it should have only reduced Yandrich's suspension to fifty-five days on an eleven point accumulation.

We have previously held, of course, that a rubber-stamp signature is valid on a certification of a traffic violation conviction. *Department of Transportation, Bureau of Traffic Safety v. Ballard,* 17 Pa. Commonwealth Ct. 310, 331 A.2d 578 (1975). Further, it is the burden of the party challenging the validity of such a method of authentication to prove that the person so identified did not intend it to be his signature. *Id.* There has been no showing here that the district justice involved did not intend the rubber-stamp imprint of his name, in print-style lettering, as opposed to handwritten-script style, on the conviction certification in question to be his signature. We conclude, therefore, that the trial court erred in excluding the points related to Exhibit No. 8 from Yandrich's accumulation.

While the foregoing would seem to dispose of this appeal, we believe that we must further resolve the question raised by Yandrich, *i.e.,* whether or not a concession, made at the trial court hearing by the attorney

---

[3] Yandrich's September 29, 1982 conviction arose from an incident which occurred on September 19, 1982 wherein he violated Section 3306(a)(2) of the Code, 75 Pa. C. S. §3306(a)(2) (limitations on driving on left side of roadway), by passing within 100 feet of an intersection.

for the Department, that Yandrich's point total, *including* the disputed three points, should have been eleven, not thirteen, is binding on the Department.[4]

---

[4] At the *de novo* hearing, counsel for the Department stipulated that Yandrich's point accumulation should be 11, not 13, and, that the suspension period should have been 55, not 65, days, as is revealed in the following excerpt from the transcript:

MR. GILTENBOTH: The Commonwealth's case consists of a certification of exhibits from Thomas Larson, Secretary of Transportation, and Douglas Tobin, the Director of the Bureau of Driver Licensing, consisting of eleven exhibits.

I will state at the outset that Attorney Masters has correctly pointed out that the letter to Mr. Yandrich dated March 28, 1985, informing him that he had thirteen points, is incorrect. By totaling up the points assessed on Exhibit 11, which is the certification of his driving record, the total is not thirteen, but eleven.

THE COURT: Well, now, let's see, I would have to look. Does that section say when you get eleven—

MR. GILTENBOTH: It is eleven, or more.

THE COURT: So the result is the same.

MR. GILTENBOTH: Well, the suspension Section 1539, I believe it is (b)—this is for the first time somebody's record shows eleven points, or more, requires a five days per point suspension. The Department's calculation, based on thirteen points, was a 65 day suspension. However, it should be eleven points and a fifty-five days suspension.

THE COURT: Being five times eleven.

MR. GILTENBOTH: Yes, sir.

THE COURT: Five days for each point.

MR. GILTENBOTH: Yes.

THE COURT: But that is not what—Mr. Masters, do you want to settle at fifty-five?

MR. MASTERS: Oh, no.

THE COURT: Go ahead with your exhibits. Exhibit one was a letter of March 29, and there was an error. That is what you pointed out.

MR. GILTENBOTH: I expect, without referring to each exhibit that is in here, unless Mr. Masters' defense

As the agent of his client, of course, acts or statements made by an attorney, in the course of employment and within the scope of the attorney's authority, are binding on the client. *Eldridge v. Melcher*, 226 Pa. Superior Ct. 381, 313 A.2d 750 (1973). Moreover, a client is also bound by distinct and formal admissions made by his attorney during the course of a trial when made for the purpose of dispensing with formal proof. *Id.* In the matter *sub judice*, we believe, therefore, that the concession by the Department's attorney as to the number of points on Yandrich's driving record must be held to be binding on the Department.[5]

Accordingly, we will reverse the July 1, 1985 order of the trial court and will reinstate, as modified to fifty-five days, the Department's suspension of Yandrich's operating privilege.

### ORDER

AND NOW, this 20th day of August, 1987, the September 1, 1985 order of the Court of Common Pleas of Beaver County in the above-captioned matter is re-

_____

requires it, that Exhibit 11 will show the citation, conviction and points that have been assigned for it. I will recite what Exhibit 11 shows.

THE COURT: I can't get that all in my head just as you rattle that off. Anyhow, based on that, it shows a thirteen point accumulation.

MR. GILTENBOTH: Eleven points.

THE COURT: As of the March '85 letter.

MR. GILTENBOTH: Yes, sir. It showed eleven points after the addition and subtraction of points over the course of time. And because of that, the suspension under Section 1539(b) was imposed. . . .

[5] This disposition, of course, has the same effect on Yandrich as if we had addressed and resolved the Department's second argument on appeal. Inasmuch, however, as we have reversed the trial court on the signature issue, we do not reach the second issue posed by the Department.

versed and the suspension of the operating privilege of Demetrius Yandrich by the Department of Transportation, Bureau of Driver Licensing, is reinstated, as modified.