540 A.2d 1009

Jerome McFadden, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

Argued February 24, 1988, before President Judge CRUMLISH, JR., and Judges DOYLE, BARRY, COLINS, PALLADINO, MCGINLEY and SMITH.

*Gary M. Lightman,* for petitioner.

*Joseph S. Rengert,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, May 5, 1988:

Before us for review is an order of the Deputy Commissioner of the Pennsylvania State Police which dismissed Trooper Jerome McFadden from his position with the State Police.

Pursuant to an agreement between the parties, analogous to a plea bargaining agreement, McFadden admitted to using drugs while off duty, failure to conform to the laws of the Commonwealth, and conduct unbecoming an officer. In return, certain other charges were dismissed by the trial judge advocate with the understanding that both the Court Martial Board (Board) and

the Deputy Commissioner were free to recommend and impose whatever disciplinary sanctions they deemed to be appropriate. The Board, in reviewing the evidence, made a recommendation that McFadden be dismissed. This recommendation was adopted by the Deputy Commissioner, and this appeal ensued.

Prior to considering McFadden's argument, an explanation of certain background information is necessary. During the time an investigation of McFadden's case was occurring, the late Colonel John K. Schafer was promoted from Director of the Bureau of Professional Responsibility to Commissioner of the State Police. Further, Ronald M. Sharpe, who had originally been a member of McFadden's Board, was promoted to Deputy Commissioner. On February 3, 1987, upon receiving this appointment and prior to the time the court martial proceedings began, Sharpe withdrew from the Board and McFadden selected another individual as his representative on the Board. The Board was convened on February 24, 1987. On March 23, 1987, Schafer, in a written notice, delegated his authority to decide the case to Deputy Commissioner Sharpe because, in his former position as Director of the Bureau of Professional Responsibility, Schafer had received and reviewed investigative reports pertaining to the charges filed against McFadden. Sharpe, therefore, was the individual who decided the case.

On appeal here, McFadden raises several arguments for our consideration which we shall examine *seriatim*. Our scope of review of the Deputy Commissioner's order is limited to determining whether there has been a constitutional violation or an error of law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

McFadden first argues that the Commissioner had no authority to delegate his decision-making authority

in a court martial proceeding to a Deputy Commissioner. We disagree. Section 206 of The Administrative Code of 1929, (Code), Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §66, pertinently provides that "[e]ach administrative department shall have as its head an officer who shall, either personally, *by deputy,* or by the duly authorized agent or employe of the department . . . exercise the powers and perform the duties by law vested in and imposed upon the department." (Emphasis added.) Further, Section 201 of the Code, 71 P.S. §61, specifically states that all provisions of the Code "which apply generally to administrative departments . . . shall apply to : . . the Pennsylvania State Police." It is clear that the Commissioner is the individual vested with authority to order dismissal of a trooper after a court marital. *See* Section 711 of the Code, 71 P.S. §251. That authority being his, we believe it is within his power to delegate it under Section 206.

Further, we find no support for McFadden's contention that the Governor should have decided this case. The Governor's involvement in a court martial proceeding is limited to reviewing written statements to determine whether seeking the employee's termination from the force is warranted. *Brown v. Pennsylvania State Police,* 509 Pa. 316, 502 A.2d 126 (1985). And, we do not think that Section 205 of the Code, 71 P.S. §65, (providing that no enlisted member of the State Police shall be dismissed except by action of a court martial board held upon the recommendation of the Commissioner and the Governor) compels a different result. That statute merely requires that the Governor recommend that a court martial board be convened. It in no way suggests that the Governor be involved in the post-hearing decision-making process.

McFadden next asserts that Sharpe should be precluded on constitutional grounds from rendering a decision because he had been previously appointed to Mc-

Fadden's Board. McFadden admits that he is unable to identify any particular information which Sharpe may have received before his resignation from the Board which would cause his disqualification, but contends that such a showing of prejudice is not required under the Pennsylvania Supreme Court's plurality opinion in *Soja v. Pennsylvania State Police,* 500 Pa. 188, 455 A.2d 613 (1982). *Soja* concerned a situation where reports were sent to the Commissioner prior to the hearing and such reports were not made available to the officer. The court held that no showing of prejudice was required to be made by the officer in order to succeed in his constitutional challenge. In this case there is no indication that *any* Board member received information which was *dehors* the record. Thus, the constitutional infirmity in *Soja* does not appear to be present here. Even if, however, we accept the premise that McFadden need not show prejudice, there is a second reason why Sharpe was not required to recuse himself. There were no disputed facts in this case. McFadden pled guilty. Thus, all that remained to be decided was the level of discipline to be imposed. We have previously indicated that the most critical aspect in the prosecution and adjudication of cases is the resolution of disputed facts, and where facts are not in dispute a relaxing of constitutional protections is permissible. *Pennsylvania Human Relations Commission v. Thorp, Reed & Armstrong,* 25 Pa. Commonwealth Ct. 295, 361 A.2d 497 (1976). We believe *Thorp* governs here.

Next, McFadden asserts that the Deputy Commissioner, in adopting the recommendation of the Board majority rather than that of the dissent, committed legal error. It is also asserted that in failing to accept McFadden's mitigating evidence the Deputy Commissioner "capriciously disregarded" the evidence. First, the capricious disregard standard has been rejected by our

State Supreme Court in an appeal from an administrative agency where evidence has been presented by both sides. *See Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986); *see also Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). Second, we simply do not agree that the Deputy Commissioner's refusal to adopt the recommendation of the Board's dissenting member constituted legal error. The Deputy Commissioner reasoned as follows:

Trooper McFadden presented substantial testimony in mitigation of his misconduct. However, the unavoidable fact remains that Trooper McFadden knowingly and voluntarily engaged in illegal drug usage while he was a member of the Pennsylvania State Police. Trooper McFadden was sworn to an oath requiring him to vigorously enforce the very same laws which he so flagrantly violated. Illegal drug usage by enlisted members of this Department cannot and will not be tolerated. Managerial tolerance of illegal drug usage by members of the Pennsylvania State Police can only adversely affect public respect and confidence in this Department. The record shows that Trooper McFadden's illegal drug usage was not isolated, nor a one-time affair. The violations occurred throughout an extended period of time between the summer of 1983 and 1984. Dismissal in this case is warranted in order to maintain the integrity of this Department and the trust, respect and confidence of the public which it serves.

Considering that law enforcement officers are properly held to high standards of conduct, *Cerceo v. Darby,* 3 Pa. Commonwealth Ct. 174, 281 A.2d 251 (1971), and that drug involvement among police officers is not to be

countenanced, *DiCiacco v. Civil Service Commission of the City of Philadelphia,* 37 Pa. Commonwealth Ct. 77, 389 A.2d 703 (1978), we perceive no abuse of discretion in the Deputy Commissioner's determination to terminate McFadden's employment.

In his next challenge, McFadden contends that because, prior to his court martial, a close relative of one of the Board's members was allegedly dismissed from the State Police for use of a controlled substance, that Board member could have been biased. He, thus, asserts that the Board member should have either recused himself or, at a minimum, disclosed this information. While we are not inclined to view these allegations as significant enough to indicate bias, we believe that, in any event, there is no due process problem here. This is because any possible bias was cured by the Deputy Commissioner's independent review of the record.

McFadden also argues that the State Police violated its own policy by charging him with the various infractions in two reports instead of one. State Police Field Regulation 3-3.05(A)(1) provides, "[i]n the event multiple infractions occur stemming from the same set of circumstances, all infractions shall be listed on a single [disciplinary action report]." He asserts that the issuance of the two reports violated this regulation. We, however, do not believe it is necessary to explore this matter because the second set of charges was dismissed by agreement. Thus, the dismissal mooted this issue. Even if it were not moot, however, it is waived because it was not raised below. *See* Pa. R.A.P. 1551.

Finally, McFadden asserts that because he was not provided with a copy of the procedure to be used at his hearing, due process was violated. He alleges that the bifurcated proceeding employed here is a new procedure. Inasmuch as counsel for McFadden *agreed on the*

*record* to the procedures used to expedite the matter, we believe that objecting to this procedure *now* is inappropriate. *See Department of Transportation v. Yandrich,* 108 Pa. Commonwealth Ct. 547, 529 A.2d 1210 (1987) (attorney's statements within his scope of authority are binding on his client). In any event, objection to the proceedings in this regard is certainly waived inasmuch as no objection was raised below. *See* Pa. R.A.P. 1551.

Based upon the foregoing discussion, the order of the Deputy Commissioner is affirmed.

ORDER

Now, May 5, 1988, the order of the Deputy Commissioner in the above-captioned matter is hereby affirmed.