IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wyoming Borough,     :
    :
    Appellant    :
    :
    v.    :  No. 822 C.D. 2023
    :  Submitted: September 11, 2025
Zoning Hearing Board of Luzerne    :
County and Keystone Drug &    :
Alcohol LLC    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
    HONORABLE MICHAEL H. WOJCIK, Judge (P.)
    HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK            FILED: October 30, 2025


        Wyoming Borough (Borough) appeals from the June 26, 2023 Order of the Luzerne County Court of Common Pleas (trial court) which denied and dismissed the Borough's appeal from the Zoning Hearing Board of Luzerne County's (ZHB) decision granting Keystone Drug & Alcohol LLC's (Keystone) proposed use application. The ZHB determined that Keystone's proposed use of its property as a drug and alcohol counseling center comported with the County Zoning Ordinance's definition of "professional office" such that it was a permitted use in the Borough's Commercial Business (CB) district.[1] Before this Court, the Borough

---

[1] The Borough is subject to the jurisdiction of Luzerne County's Zoning Ordinance, which was adopted on March 9, 2021. The Ordinance can be found at: https://www.luzernecounty.org/DocumentCenter/View/24924/Zoning-Ordinance-2021 (last visited: October 29, 2025).

insists that the counseling center is not permitted in its CB District and that Keystone failed to carry its burden of proof concerning a use variance.  We affirm.

Relevant now, Keystone signed a five-year lease, with a three-year renewal option, for real property located at 341-343 Wyoming Avenue, Wyoming, Pennsylvania (the Property), in Luzerne County.  *See* ZHB's Decision, 1/9/23, at Finding of Fact (F.F.) No. 11.  Keystone leased the Property for the purpose of operating an outpatient treatment facility for drug and alcohol addiction.  *Id*. at F.F. No. 1.  However, the Luzerne County Zoning Office initially denied Keystone's application for proposed use because it believed that "the Ordinance does not allow an outpatient rehabilitation facility as a proposed use in the CB district where the Property is located."  *Id*. at F.F. No. 2.  The Zoning Office explained that, instead, such facilities were only permitted as special exceptions in the Borough's General Business and Highway Business districts.  *Id*.  Keystone subsequently filed a Petition for Appeal Hearing with the ZHB seeking a use variance for the Property.  *Id*. at F.F. No. 3.

The ZHB held a public hearing on the matter on June 7, 2022.  ZHB's Decision at F.F. No. 5.  In pertinent part, Ronald Emlaw, the sole member of Keystone, testified that no inpatient services would be provided at the Property, nor would any medication be dispensed.  ZHB's Hearing, 6/7/22, Notes of Testimony (N.T.) at 16.  When asked to specify what kind of treatment Keystone would offer, Emlaw responded:

> It's a counseling center.  If we take Drug & Alcohol out of the name of this, it's a counseling center . . . .  There's no administered medication; there's nobody being housed.  It's a counseling center.  But we're drawn into this category with methadone clinic and inpatient.  We are essentially a counseling center.

2

*Id.*, N.T. at 39-40. Emlaw further testified that Keystone would employ three to four counselors and that it would be subject to the regulations of the Pennsylvania Department of Drug and Alcohol Programs (DDAP). *Id.*, N.T at 17; *see also* ZHB's Decision at F.F. No. 14.

Carmen Ambrosino, who previously served as the CEO for Wyoming Valley Alcohol & Drug Services for 41 years, also testified on behalf of Keystone. ZHB's Decision at F.F. Nos. 20-22. Ambrosino explained that Keystone would be utilizing methods like a

> 12-step program; a cognitive behavioral therapy, CBT; Gestalt therapy; reality therapy. These are the modalities of therapy that are used. They're what's called evidence-based by Samhsa, which is the National Drug & Alcohol Board. These are all proven . . . . Recovery is twofold. You first have to attain recovery, and then you have to learn how to maintain recovery. And those are the two processes that Keystone will help the patient with.

ZHB's Hearing, N.T. at 41-42. At bottom, Ambrosino testified that the goal of Keystone's counseling is to help with an individual's self-esteem, communication skills, and decision-making skills. *Id.*, N.T. at 40. Ambrosino also noted that, in his 41 years of experience with directing a similar outpatient counseling center, his center never needed to call the police. *Id.* Finally, Keystone presented the testimony of Alex Ciliberto, who explained that he would serve as Keystone's program director and ensure Keystone's compliance with state regulations. *Id.*, N.T. at 33; *see also* ZHB's Decision at F.F. No. 24.

Notwithstanding Keystone's initial application for a use variance, the ZHB determined that Keystone's proposed use of the Property was "more properly classified as a professional office, which is a permitted use in a CB district." ZHB's Decision at Conclusions of Law (C.L.) No. 1. In reaching this conclusion, the ZHB

3

relied on the nature of the counseling that Keystone would be offering on the Property and, in particular, that Keystone would not be offering any inpatient housing or dispensing medication. *Id*. at C.L. No. 2. The ZHB alternatively determined that Keystone had met the requirements for a use variance. *See id*. at C.L. No. 4a-e. Furthermore, the ZHB found as fact that all adjacent property owners were given public notice in advance of the hearing, *id*. at F.F. No. 6, and that Keystone "demonstrated adequate parking for the proposed use by way of [its] Site Plan . . . ." *Id*. at C.L. No. 6. The Borough subsequently filed a timely Notice of Appeal in the trial court.

By order dated June 26, 2023, the trial court denied and dismissed the Borough's appeal for the same reasons as the ZHB. However, in a footnote, the trial court explained:

> In reaching this [d]ecision, it is not necessary for this [c]ourt to determine whether the [Borough] met the high burden of a use variance, nor whether a strict application of the Ordinance would result in a *de facto* exclusion of an otherwise legitimate use of the [P]roperty. In categorizing the use as that of a professional office, it is a permitted use in the [CB] district. A "zoning hearing board's interpretation of its own zoning ordinance is entitled to great deference and weight." *Arter v. Philadelphia Zoning Board of Adjustment*, 916 A.2d 1222, 1229 (Pa. Cmwlth. 2007).

Trial Court's 6/26/23 Order n.1.

Upon filing a timely appeal in this Court, the trial court issued a Pa.R.A.P. (Rule) 1925(b) Order directing the Borough to file a Concise Statement of Errors Complained of on Appeal. In a timely filing, the Borough complained that the trial court erred by: (1) neglecting to take additional testimony from the Property's owner as to how an undue hardship would be created by denying the use

4

variance; (2) concluding that the ZHB did not abuse its discretion by not exclusively undertaking a use variance analysis and instead "recategorizing" Keystone's proposed use as a professional office; (3) concluding that the ZHB did not commit an error of law for the same reason; (4) determining that Keystone met its burden of proof concerning undue hardship; and (5) finding that the ZHB did not commit an error of law regarding notice requirements and parking. Reproduced Record (R.R.) at 141a-43a.

In an opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court explained that it did not take additional testimony from the parties, because no party involved in the matter – including the Borough – requested that the trial court do so. Trial Court's Op. at 2. Further, the trial court noted that much of the Borough's arguments pertained to use variances although the trial court did not resolve the matter on that basis. *Id*. at 3-4. To the extent that the Borough's complaints related to the trial court's actual disposition of the matter, the trial court noted that given the copious testimony adduced by Keystone at the ZHB's hearing, it agreed that Keystone was really seeking to operate a counseling center akin to other professional offices permitted in the Borough's CB district. Thus, in affirming the ZHB, the trial court explained, it was simply respecting the deference it owed to the ZHB's interpretation of its own zoning ordinance. *Id*. at 5 (citing *Arter*, 916 A.2d at 1229). Finally, the trial court opined that the Borough's argument concerning notice was meritless given its review of the record. Trial Court's Op. at 6.

Before this Court,[2] the Borough asserts that the ZHB erred in determining that Keystone's proposed use of the Property qualifies as a professional office and that the trial court erred by determining that ZBH afforded proper notice of the public hearing.[3]

Preliminarily, the Zoning Ordinance provides:

**PROFESSIONAL OFFICES:**

> The use of offices and related spaces for such professional services as provided by doctors, dentists, lawyers, architects, engineers, real estate agents, insurance brokers, and related services.

Luzerne County Zoning Ordinance §203.

The Borough's arguments principally seize on the trial court's purported failure to resolve this case as a matter of a use variance. To the extent that the Borough addresses the trial court's actual review of the ZHB's decision, the Borough asserts that a "drug and alcohol counseling center and a professional office are not the same. At a minimum, by comparison, a professional office does not drug and alcohol test each person that walks through the door." Borough's Brief at 9. Otherwise, however, the Borough discusses its disagreement with the ZHB's

---

[2] Where, as here, the trial court takes no additional evidence, our review is limited to determining whether the ZHB committed an error of law or an abuse of discretion. *Elizabethtown/Mt. Joy Associates L.P. v. Mount Joy Township Zoning Hearing Board*, 934 A.2d 759, 763 n.5 (Pa. Cmwlth. 2007). This Court may conclude that the ZHB abused its discretion only if its findings of fact are not supported by substantial evidence. *Id*. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

[3] The Borough presents this Court with a third issue: whether a remand for further evidentiary proceedings is necessary should this Court rule in the Borough's favor regarding either of the above-referenced issues in this matter. *See* Borough's Brief at 5, 18-19. Given our disposition here, however, we need not address this issue.

reasoning in the alternative which would have granted Keystone a use variance in any event. *See id*. at 11-17.

Keystone responds that the ZHB was well within its discretion to conclude that its proposed use was more properly considered a professional office for purposes of the Zoning Ordinance. Keystone's Brief at 17. Indeed, Keystone believes that its proposed use is a "related service" within the meaning of the Ordinance's definition of professional office because, in this instance, its services pertain exclusively to counseling by licensed or otherwise accredited professionals. Keystone therefore likens its proposed use to that of a doctor's office. *Id*. at 18-20.

On this point, we agree with the decisions below. As Keystone noted in its brief, *see* Keystone's Brief at 17, our Supreme Court has admonished that "semantic disputes are of little relevance in zoning cases since realities, rather than the label which, for convenience sake, is applied to them are determinative of the issue." *National Land & Investment Co. v. Kohn*, 215 A.2d 597, 606 (Pa. 1965). To this end, Keystone proffered evidence that its proposed use, although nominally an outpatient rehabilitation center, was more akin to the Ordinance's definition of professional office given Keystone's emphasis on counseling. At the ZHB's hearing, Ambrosino explained that its counselors typically have a bachelor's degree, but many have master's or doctorate degrees, and that all counselors must meet the qualifications set forth in Chapter 704 of the DDAP's regulations. *See* ZHB's Hearing, N.T. at 29-31. Similarly, Keystone's counseling sessions would last from 60-90 minutes and that the ratio between counselors and patients would be roughly equal at all times. *Id*.

Indeed, Section 704.7 of the DDAP's regulations, 28 Pa. Code § 704.7, provides the necessary qualifications for counselors by setting out six criteria, of

7

which a counselor must satisfy at least one. The criteria include, for example, licensure as a physician or "[f]ull certification as an addictions counselor." *Id.* §704.7(b)(1), (6). In our view, by virtue of their arduous licensure or certification, the counselors employed at Keystone are no less professional than the other professions explicitly referenced in the Zoning Ordinance. The Borough's complaint that Keystone will test each of its patients for drugs or alcohol does nothing to mitigate this. Rather, the counselors' qualifications and the duration of their sessions are remarkably similar to that of a doctor or dentist.

As indicated, the Borough has failed to offer any persuasive or otherwise relevant argument to the contrary because it has insisted that this case turns on the issuance of a use variance. However, "a use variance is a fundamentally legislative determination that **an otherwise nonconforming use**, when approved under specific circumstances and subject to specific conditions, is entirely lawful." *South Broad Street Neighborhood Association v. Zoning Board of Adjustment*, 208 A.3d 539, 546 (Pa. Cmwlth. 2019) (emphasis added). The Borough's insistence that this matter be resolved under such an analysis misapprehends the decisions below: the ZHB determined that Keystone's proposed use of the Property *conforms* to the CB district's zoning. This decision thereby obviated the need for the trial court to address this issue and has rendered the Borough's chief arguments irrelevant.

Given the foregoing discussion, the absence of relevant arguments from the Borough, as well as the due deference we owe to the ZHB's interpretation of the Zoning Ordinance, *Arter*, 916 A.2d at 1229 (citing *Risker v. Smith Township Zoning Hearing Board*, 886 A.2d 727, 731 (Pa. Cmwlth. 2005)), we decline to disturb the decisions below.

8

Next, the Borough argues that the trial court erred by determining that the ZHB afforded proper notice of its hearing to adjacent landowners or landowners affected by Keystone's parking agreements. *See* Borough's Brief at 17-18. While Keystone substantively disagrees with the Borough's argument, it also responds that the Borough's counsel already conceded any potential notice issue at the ZHB's hearing. Keystone's Brief at 31.

On this point, we agree that the Borough conceded this issue before the ZHB. At the hearing, a Borough council member raised the issue of notice. However, the Borough's counsel explained that all necessary property owners were notified of the hearing, not once, but twice. ZHB's Hearing, N.T. at 56. More particularly, the Borough's counsel explained: "[The ZHB] sent it to who [it] had to send it to." *Id*. Counsel's statements are necessarily binding on the Borough. *See Department of Transportation, Bureau of Driver Licensing v. Yandrich*, 529 A.2d 1210, 1211-12 (Pa. Cmwlth. 1987) ("As the agent of [her] client, of course, acts or statements made by an attorney, in the course of employment and within the scope of the attorney's authority, are binding on the client.").

Accordingly, the trial court's order is affirmed.

 

 

MICHAEL H. WOJCIK, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wyoming Borough, : 
 : 
 : 
     Appellant : 
 : 
   v. : No. 822 C.D. 2023
 : 
Zoning Hearing Board of Luzerne : 
County and Keystone Drug & : 
Alcohol LLC : 

**O R D E R**

AND NOW, this 30<u>th</u> day of <u>October</u>, 2025, the June 26, 2023 Order of the Luzerne County Court of Common Pleas is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge